GEORGE CLARK v. THE STATE.

No. 4245.    Decided November 15, 1916.

**Theft—Evidence—Other Offenses.**

Where, upon trial of theft, the State introduced testimony of another theft, by showing that certain stolen goods similar to those alleged in the indictment were found in possession of another party in a different section of the county and there was no connection shown between said party and the defendant, and no testimony introduced to connect the defendant with the alleged other theft, the same was reversible error.

Appeal from the County Court of Lavaca. Tried below before the Hon. P. H. Green.

Appeal from a conviction of petty theft; penalty, a fine of one dollar and twenty days confinement in the county jail.

The opinion states the case.

*Marcus Schwartz,* for appellant.—On question of other offenses: Kelly v. State, 18 Texas Crim. App., 262; Handley et al. v. State, 28 id., 375; Conley v. State, 21 id., 495; Nixon v. State, 31 Texas Crim. Rep., 205.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of one horse collar of the value of $2.50 and one pair of breast chains of the value of $1.25 from the owner, Cervenka.

Cervenka says that he lost the things set out, and other things of the same sort at the same time. It is claimed appellant was found in possession of a collar and chain, and that Peters, living in a different section of the county some miles away, was found in possession of some of the property of Cervenka. There was no connection shown between Peters and appellant. They were not shown to have been together. The sheriff went to Peters' house and found a large collar in a cane patch; he also found a breast chain on Peters' cultivator, which he was then using. These were similar to those found at the home of the defendant. He says he brought the chain and collar to town, and a few days later Cervenka came to town and identified same as his property. Appellant objected to the introduction of this testimony for various reasons. There was no testimony introduced to connect the defendant with the theft of that collar and breast chain, and the testimony was incompetent and irrelevant and tended to prejudice the jury against the defendant by showing other petty thefts by other people. These objections were overruled and the testimony was permitted to go to the jury. The bill of exceptions shows the sheriff stated the next day (meaning the day after he arrested the defendant) he went to the home of Joe Peters, southwest of town, and found this large collar in Peters' cane patch, and breast chain on the cultivator. This occurred in the absence of defendant. There is no testimony to show any acting together between the parties, and outside of the identification by Cervenka there is nothing to indicate that Cervenka lost this collar and chain. The testimony is weak on the identification, and is made to depend largely upon the fact that the collar had a hole in the strap which Cervenka says was made by him with a buckle pin; he also says there are a great many collars in the country just like his with holes, made perhaps in the same way. The testimony as to Peters was about a different matter and property found in his possession was in no way connected with appellant. The evidence showed appellant lived northwest and Peters lived southwest. These matters occurring as they did could not be used as evidence against defendant, and ought not to have been permitted to go to the jury. There is evidence to show that de-

fendant and Hafernik were seen together driving in a wagon on a public road by parties in an automobile. They were seen by the witness Durner some miles west of Hallettsville slowly driving in a wagon on a public road going in the direction of Shiner. Dufner says after going several miles up the road and near Shiner he and Dornak stopped on the roadside waiting for his son, Dr. Dufner, and while there defendant and Hafernik passed. The sheriff testified he knew defendant and Cervenka; that Cervenka lives about three miles west of town, on the main road leading from Hallettsville to Shiner; the defendant lives between Shiner and Moulton. The next day he went to defendant's and got a collar and chain, and the next day went to Joe Peters', southwest of town, and found a large collar in Peters' cane patch, which was claimed by Cervenka. The State does not seek to connect Peters with appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*